[Cite as *Cooke v. Logan Insulating & Foam Serv., L.L.C.*, 2016-Ohio-1424.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| ANDREW P. COOKE | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| LOGAN INSULATING AND | : | Case No. 15-CA-47 |
| FOAM SERVICE, LLC, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2013CV121


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      March 31, 2016


APPEARANCES:

For Plaintiff-Appellee      For Defendants-Appellants

ANDREW P. COOKE      SAMIR B. DAHMAN
260 Market Street      10 West Broad Street
Suite F      Suite 1900
New Albany, OH 43054      Columbus, OH 43215

*Farmer, P.J.*

{¶1}    On May 20, 2012, appellant, Logan Insulating and Foam Service, LLC, and appellee, Andrew Cooke, entered into a contract whereby appellant would provide insulating material and labor to appellee's home.  The estimated cost for the project was $8,000.  Appellee paid a fifty percent deposit of $4,000 via a credit card.  A dispute arose as to the work performed and the contract was terminated on June 1, 2012.  Thereafter, appellant charged appellee's credit card $7,350.  Appellee disputed the charge with his credit card company, but the dispute was denied.

{¶2}    On June 29, 2012, appellant recorded a mechanic's lien against appellee's home in the amount of $7,800.

{¶3}    On February 6, 2013, appellee filed a complaint against appellant and its agent, David Kornmiller, claiming breach of contract, civil theft pursuant to R.C. 2307.60, slander of title, action to void and release invalid and fraudulent mechanic's lien, action to quiet title, and violations of the Ohio Consumer Sales Practices Act (hereinafter "CSPA").

{¶4}    On May 15, 2013, appellants released the mechanic's lien.

{¶5}    On December 20, 2013, appellee filed a motion for summary judgment on his claims for civil theft, slander of title, and violations of the CSPA.  By entry filed April 30, 2014, the trial court denied the motion.

{¶6}    A jury trial commenced on November 18, 2014.  The jury found in favor of appellants on appellee's claims for breach of contract, civil theft, slander of title, and violations of the CSPA. By judgment entry filed November 21, 2014, the trial court entered judgment for appellants on these claims and ordered appellee to pay costs.

{¶7}    On December 18, 2014, appellants filed a motion for hearing on attorney's fees and costs to determine what appellee owed appellants under R.C. 2307.61(B) and the November 21, 2014 judgment entry.  By judgment entry filed February 3, 2015, the trial court denied the motion.

{¶8}    By entry filed August 3, 2015, the trial court dismissed appellee's action to void and release invalid and fraudulent mechanic's lien and action to quiet title.

{¶9}    Appellants filed an appeal of the trial court's February 3, 2015 judgment entry, and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO AWARD COSTS AND REASONABLE ATTORNEY'S FEES TO DEFENDANTS-APPELLANTS ('APPELLANTS') PURSUANT TO R.C. § 2307.61(B) GIVEN THAT PLAINTIFF-APPELLEE ('APPELLEE') BROUGHT A CIVIL THEFT CLAIM UNDER R.C. §§ 2307.60 AND 2307.61(A)(2), ATTEMPTED TO COLLECT HIS COSTS AND ATTORNEY'S FEES IN A MOTION FOR SUMMARY JUDGMENT, WHICH THE TRIAL COURT DENIED, AND THE JURY UNANIMOUSLY REJECTED APPELLEE'S CIVIL THEFT CLAIM."

II

{¶11} "TO THE EXTENT THAT THE TRIAL COURT DID AWARD STATUTORY ATTORNEY'S FEES AS COSTS IN ITS JUDGMENT ENTRY, THE TRIAL COURT ERRED BY FAILING TO CLEARLY DEFINE THE COSTS ASSESSED AGAINST APPELLEE AND INCLUDE ATTORNEY'S FEES THEREIN."

I, II

{¶12}  Appellants' two assignments of error challenge the trial court's denial of attorney's fees and will be addressed collectively.

{¶13}  Appellants claim they are entitled to attorney's fees on appellee's R.C. 2307.60 civil theft claim under R.C. 2307.61(B).  During oral argument, appellants requested that the case be remanded to the trial court for a hearing to determine what attorney's fees are applicable to the civil theft claim.  We agree.

{¶14}  R.C. 2307.61(B) states the following:

> If a property owner who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages for willful damage to property or for a theft offense attempts to collect the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees under authority of that division and if the defendant prevails in the civil action, the defendant may recover from the property owner reasonable attorney's fees, the cost of defending the civil action, and any compensatory damages that may be proven.

{¶15}  Appellants argue appellee specifically made a claim for attorney's fees and costs on his civil theft claim in his complaint filed February 6, 2013 at ¶ 39: "On or about June 2, 2012, Defendant Logan charged Plaintiff's credit card $3,350.00 above the

authorized $4,000.00 and is liable for damages pursuant to R.C. 2307.61." Appellee demanded judgment for "[a]ll recovery allowed pursuant to R.C. 2307.61."

{¶16}  Appellants also argue in appellee's December 20, 2013 motion for summary judgment, he prayed for attorney's fees and costs on his civil theft claim.  In his motion at pages 8-10, appellee specifically claimed his right of action under R.C. 2307.60(A)(1) and R.C. 2307.61.

{¶17}  The jury instructions filed by the trial court on November 20, 2014 includes a charge for "Civil Theft."  A specific jury interrogatory (Jury Interrogatory 6) was filed on the civil theft claim and was answered in the negative.  A specific verdict form on the civil theft claim in favor of appellants was entered by the jury.

{¶18}  The docketed evidence in this case establishes that appellee sought a claim for damages, including attorney's fees and costs, for civil theft under R.C.2307.60/61, and pursued that claim via summary judgment and a jury trial.  The jury rejected appellee's claim for damages under said statute and found for appellants.

{¶19}  We find all of the conditions of R.C. 2307.61(B) have been fulfilled.  It is clear that because other claims were tried to the jury (breach of contract, slander of title, violation of the CSPA), not all the attorney's fees may be attributable to the civil theft claim.

{¶20}  The assignments of error are granted, and the matter is remanded to the trial court to conduct a hearing to determine what attorney's fees, if any, are solely attributable to the civil theft claim.  In addition, the trial court should address the amount of costs assessed to appellee.

{¶21}  Assignments of Error I and II are granted.

{¶22}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, P.J.

Hoffman, J. and

Baldwin, J. concur.

SGF/sg 317